UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LIZAMA and MARIANNE LIZAMA,<br><br>             Plaintiffs,<br><br>       v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>             Defendants. | No.  2:13-cv-1415 LKK DAD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiffs Michael Lizama and Marianne Lizama are proceeding pro se in this action. The action has therefore been referred to the undersigned pursuant to Local Rule 302(c)(21) for all purposes encompassed by that rule.

       This matter came before the court on September 20, 2013, for hearing of defendants' motions to dismiss. Kimberly Paese, Esq. and Connie Tcheng, Esq. appeared for the defendants. Despite being served with notice of the motions neither plaintiff filed written opposition or a statement of non-opposition to the motions to dismiss and neither plaintiff appeared at the hearing of the motion, nor did anyone appear on behalf of either plaintiff.

       Accordingly, in an order filed September 26, 2013, the undersigned ordered plaintiffs to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution. (Doc. No. 17 at 2.) Plaintiffs were cautioned that failure to file

a written response to that order would result in the undersigned recommending that this matter be dismissed.  (Id.)  Nonetheless, the time for plaintiffs to respond has expired and plaintiffs have not responded to the court's order in any way.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Under the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date."  Local Rule 230(c).  "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."  Id.  Failure to appear at the hearing of a properly noticed motion may, in the discretion of the court, be deemed withdrawal of any written opposition that was timely filed, or may result in sanctions.  Local Rule 230(i).

Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules.  Id.

/////

2

Here, plaintiffs have failed to file a timely response to defendant's motion to dismiss and failed to appear at the hearing of the properly noticed motion, in violation of multiple provisions of Local Rule 230. The court issued an order to show cause that provided plaintiffs with yet another opportunity to show good cause for their failure to respond to defendant's motion but plaintiffs failed to respond in any way. The order to show cause warned plaintiffs that their failure to file a written response to that order would result in a recommendation that this matter be dismissed.

Plaintiffs' lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiffs' failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiffs' failure to prosecute as well as their failure to comply with the court's orders. See FED. R. CIV. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' July 24, 2013 motion to dismiss (Doc. No. 6), July 24, 2013 motion to strike (Doc. No. 7), and July 30, 2013 motion to dismiss (Doc. No. 12) be denied as moot;

2. Plaintiffs' claims be dismissed without prejudice due to lack of prosecution, as evidenced by plaintiffs' failure to file opposition or a statement of non-opposition to the motions filed on behalf of the defendants, failure to appear at the hearing of the motions, and failure to file a response to the order to show cause; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. A document containing objections should be titled

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2013

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\lizama1415.dlop.f&rs.docx